UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 13-091-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JEFFREY W. NAYLOR, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jeffrey W. Naylor is serving a 41-month term of imprisonment for conspiring to distribute marijuana in the Eastern District of Kentucky.  [Record No. 206]  By letter dated February 27, 2015, Naylor inquired about his eligibility for a reduction in his sentence under 18 U.S.C. § 3582(c)(2).  The Court construes this letter as a motion for a sentence reduction based on recent changes to drug tables of the United States Sentencing Guidelines.  For the reasons discussed below, a reduction of the defendant's sentence is unwarranted.[1]

---

1      The Court has also determined that appointment of counsel is not necessary.  Further, this matter need not be scheduled for hearing to resolve the defendant's motion.  There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2).  *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A Superseding Indictment was returned against Naylor and five other defendants on July 18, 2013.[2]   [Record No. 51]   Naylor was charged in Count 1 with conspiring to distribute 1,000 kilograms or more of marijuana.   Rather than proceed to trial, Naylor pleaded guilty to a lesser included offense.   [Record No. 104]   Paragraph 3 of Naylor's written Plea Agreement describes his role in the offense.   It states:

> (a)  Within the dates listed in the Indictment the Defendant was approached by Robert Werner in the Jessamine County, Kentucky area in the Eastern District of Kentucky.   Werner advised the Defendant that he could make $30,000 to travel to Texas and pick up a load of controlled substances.   Werner introduced the Defendant to "Roberto", later identified as Roberto Rodriguez aka Gerardo Perez.   "Roberto" was the leader of the drug organization.   The Defendant agreed to drive to Texas in a vehicle provided by "Roberto's" organization.   Prior to August 9, 2012, the Defendant was provided a truck to drive to northern Ohio and then to Texas.   The Defendant drove to Texas and picked up a load of marijuana as directed by members of the drug organization.

> (b)  On or about August 9, 2012, the Defendant was stopped northbound at a United States Border Patrol (USBP) checkpoint located near Laredo, Texas. After a positive alert from a drug detection dog, the tractor trailer driven by the Defendant was directed to a secondary search area.   The secondary search revealed a false wall in the front of the trailer.   Inside the false wall was a quantity of marijuana.   Agents removed 18 pallets of fruits and vegetables before gaining access to the compartment behind the aftermarket false wall. Agents located 960 kilograms of marijuana in the false compartment.

---

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual.   As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011).   Instead, the district court has discretion to determine whether appointment of counsel is warranted.   Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

2      Naylor was not charged in the original Indictment.   [Record No. 31]

(c)   The Defendant stated that he worked for an organization that was responsible for having drugs delivered across the border from Mexico into Texas. The controlled substances were then delivered by tractor trailer to certain destinations in the Eastern part of the United States. The ultimate destination for the controlled substances was not known by the drivers and was not disclosed to the drivers until they picked up their loads in Texas. The Defendant had been recruited for this task by Robert Werner. Werner introduced the Defendant to "Roberto". "Roberto" advised that the Defendant that he would receive $30,000 to pick up a load of controlled substances in Texas and deliver it to a destination that would be provided after the load was picked up. "Roberto" and the organization were based out of a location identified as "Amigos 2" located in Nicholasville, Jessamine County, Kentucky. "Roberto" is the main person in charge of the operations and was assisted by other male Hispanics.

[Record No. 203, p. 2]

Naylor was sentenced on February 5, 2014. [Record No. 202] There were no objections to the defendant's Presentence Investigation Report ("PSR"). Naylor's Base Offense Level was calculated as 30. [PSR, p. 10] He received a two-level reduction pursuant to the "safety valve" provision in U.S.S.G § 5C1.2, a two-level reduction as a minor participant in the criminal activity pursuant to U.S.S.G. § 3B1.2(b), and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. [*Id.*] Combined with a Criminal History Category I, and a Total Offense Level of 23, Naylor's non-binding guideline range for imprisonment was 46 to 57 months. The United States moved for a downward departure from the guideline range pursuant to U.S.S.G. § 5K1.1 based on Naylor's cooperation with authorities.

During the sentencing hearing, all relevant factors of 18 U.S.C. § 3553 were carefully considered including the serious nature of the offense, the history and characteristics of the defendant, the detrimental impact such crimes have on the public, and the need for adequate

general and specific deterrence to future criminal conduct.  The Court granted the United States' motion for a downward departure.  As a result, the undersigned concluded that a total term of incarceration of 41 months was necessary and appropriate under the circumstances presented.  The subsequent amendment to the drug quantity tables does not alter this determination.

The Court continues to believe that the sentence imposed is not greater than necessary to meet all statutory goals included in 18 U.S.C. § 3553(a).  The criminal activity involved the importation of large amounts of marijuana from outside the country to areas in the eastern part of the United States.  A sentence reduction would fail to provide specific deterrence to Naylor or general deterrence to those inclined to participate in similar activity.  Additionally, Naylor has already received a downward departure from his guideline range pursuant to the United States' 5K1.1 motion.  A further reduction would unduly diminish the seriousness of his criminal conduct.  Accordingly, it is hereby

**ORDERED** as follows:

1.      The Clerk of Court is directed to file the February 27, 2015, letter from Jeffrey W. Naylor in the record of this proceeding.

2.      Defendant Jeffrey W. Naylor's letter, construed as a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

This 11th day of March, 2015.



Signed By:

_Danny C. Reeves_  DCR

United States District Judge